1  JASON R. FLANDERS, SBN 238007
   Email: jrf@atalawgroup.com
2  AQUA TERRA AERIS (ATA) LAW GROUP
   490 43rd Street, Suite 108
3  Oakland, CA 94609
4  Telephone: (916) 202-3018

5
   *Counsel for Plaintiffs (additional counsel*
6  *Listed on next page)*

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | ECOLOGICAL RIGHTS FOUNDATION, et al., | Case No.: 3:17-cv-02788-JD |
12 | Plaintiffs, | **STIPULATION OF VOLUNTARY DISMISSAL** |
13 | vs. | |
14 | FEDERAL EMERGENCY MANAGEMENT AGENCY, | |
15 | | |
16 | Defendant. | |

*Additional Counsel for Plaintiffs Ecological Rights Foundation and Humboldt Baykeeper*

Christopher Sproul (Bar No. 126398)
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121
Tele: (415) 533-3376
Fax: (415) 358-5695
Email: csproul@enviroadvocates.com

Fredric Evenson (State Bar No. 198059)
Ecology Law Center
P.O. Box 1000
Santa Cruz, CA 95061
Tele: (831) 454-8216
Fax: (415) 358-5695
Email: evenson@ecologylaw.com

**STIPULATION OF VOLUNTARY DISMISSAL**

WHEREAS, in November 2016, FEMA undertook an assessment of the effects of the current implementation of the National Flood Insurance Program ("NFIP"), as modified by recent legislation and other proposed program changes, and issued a Biological Evaluation ("BE") that determined that the NFIP has no effect on listed species or designated critical habitat;

WHEREAS, on May 15, 2017, Plaintiffs filed a complaint in the U.S. District Court for the Northern District of California captioned Ecological Rights Foundation, et al. v. Federal Emergency Management Agency, Case No. 17-cv-02788-JD ("Lawsuit"), alleging that the "no effect" determination in FEMA's BE was "arbitrary, capricious, an abuse of discretion, and contrary to law" and that FEMA violated the procedural requirements of the Endangered Species Act ("ESA") and its implementing regulations by failing to initiate and complete ESA Section 7 consultation with the National Marine Fisheries Service ("NMFS") and U.S. Fish and Wildlife Service ("FWS") to ensure that its ongoing administration of the NFIP, "an action that may affect listed species in Monterey County, Santa Cruz County, and Humboldt County, does not jeopardize such federally protected species or destroy or adversely modify designated critical habitat" (ECF 1);

WHEREAS, Plaintiffs also had filed two other complaints in the U.S. District Court for the Northern District of California, asserting in Case No. 16-cv-06987 that FEMA failed to consult on implementation of the NFIP in Monterey and Santa Cruz Counties; to consult on implementation of certain FEMA response, recovery, and mitigation programs administered under the Robert T. Stafford Disaster Relief and Emergency Assistance Act of 1988, 42 U.S.C. §§ 5121-5206; and to carry out its responsibilities pursuant to ESA Section 7(a)(1) ("Monterey and Santa Cruz County Lawsuit"), and asserting the same claims with respect to Humboldt County in Case No. 16-CV-07252, ("Humboldt County Lawsuit");

WHEREAS, Plaintiffs and Defendants filed motions for summary judgment in each of the three lawsuits (docketed as ECF 44 and 45 in the Monterey and Santa Cruz County Lawsuit, ECF 47 and 48 in the Humboldt County Lawsuit, ECF 28 and 29 in this Lawsuit);

1  WHEREAS, on May 15, 2019, the Court issued an Order on the parties' motions for summary judgment in this Lawsuit that granted Plaintiffs' motion and denied Defendants' motion (ECF 57);

WHEREAS, on June 4, 2019, the parties stipulated to stay the cases to allow for settlement negotiations (ECF 59), and the Court approved that stipulation on June 6, 2019 (ECF 60);

WHEREAS, in order to resolve these lawsuits, the parties, through their authorized representatives, and without any admission of fact or law with respect to Plaintiffs' claims, have reached a settlement resolving the claims raised in Plaintiffs' Complaint (ECF No. 1), as well as the claims raised in the Complaints in the Monterey and Santa Cruz County Lawsuit (ECF No. 21) and the Humboldt County Lawsuit (ECF No. 1), including Plaintiffs' claims for awards of attorneys' fees and litigation costs, which is referenced here for informational purposes only, and is not incorporated into this Stipulation, nor is it an enforceable order of the Court;

WHEREAS the Settlement Agreement resolves the claims raised in Plaintiffs' Complaints, including Plaintiffs' claims for awards of attorneys' fees and litigation costs;

WHEREAS the Settlement Agreement calls for the filing of this Stipulation of Voluntary Dismissal as set forth below and in the attached proposed Order;

NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:

All counts of the Complaints in the above-captioned cases shall be, and upon entry of the order below, dismissed without prejudice.

It is so stipulated.

DATED: 1/13/20

/s/Jason R. Flanders
JASON R. FLANDERS
Aqua Terra Aeris Law Group
490 43rd Street, Suite 108
Oakland, CA 94609
Tel: 916-202-3018
Counsel for Plaintiffs

1  DATED: 1/13/20

/s/Rickey D. Turner, Jr.
RICKEY D. TURNER, JR.
U.S. Department of Justice
Environ. & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-1373
Attorneys for Defendant

10  DATED: 1/13/20

/s/Alison C. Finnegan
ALISON C. FINNEGAN, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275